So Ordered.

Signed this 4 day of March, 2026.



_____
Patrick G. Radel
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
_____

IN RE:

    TIMOTHY T. TRAINOR,

              Debtor.

Chapter 7
No. 25-11154-1-PGR

_____

APPERANCES:

| | |
|---|---|
| TIMOTHY T. TRAINOR<br>*Debtor* | TIMOTHY T. TRAINOR |
| LAW OFFICES OF EDWIN M. ADESON<br>*Attorney for Debtor*<br>1 Lawrence Street, Suite LL-1<br>Glen Falls, NY 12801 | EDWIN M. ADESON, ESQ. |
| BOYLE LEGAL, LLC<br>*Attorney for Jean & Kim Ndjongo*<br>64 2nd Street<br>Troy, NY 12180 | MICHAEL LEO BOYLE, ESQ. |

1

## **MEMORANDUM-DECISION AND ORDER DENYING MOTION TO DISMISS**

Presently pending is a Motion to Dismiss pursuant to 11 U.S.C. § 707(a), or in the alternative, to extend the deadline to Object to Discharge ("Motion to Dismiss" or "Motion"), filed by Jean and Kim Ndjango, creditors of Timothy T. Trainor ("Debtor"). (Docket No. 12). Debtor opposes the Motion to Dismiss. (Docket No. 15).

This Court heard oral argument on December 23, 2025, in Albany, New York, with Debtor and the Ndjangos appearing through their above-referenced counsel and being heard. After oral argument, counsel advised that this Court could make a determination on the Motion on the current record without an evidentiary hearing. The matter was deemed submitted and this Court reserved decision.

For the following reasons, this Court denies the Motion to Dismiss.[1]

### **Jurisdiction**

The Court has core jurisdiction over the parties and the subject matter of this contested matter in accordance with 28 U.S.C. §§ 1334(b) and 157(b)(2). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] On December 29, 2025, this Court granted the Ndjangos' alternative request for an extension of time to file a complaint to determine dischargeability and/or object to discharge. (Docket No. 17).

## Background

In August of 2022, Bruce Smith filed a personal injury lawsuit against the Ndjangos seeking compensation for injuries Smith allegedly sustained while working at their home. (Docket No. 12, at ¶ 7). In September of 2023, the Ndjangos asserted a third-party claim against the Debtor, arguing that he was liable for Smith's injuries as the general contractor with respect to the home improvement project. (Docket No. 12, at ¶ 10).

Debtor, by and through counsel, filed a Voluntary Petition under Chapter 7 of the United States Bankruptcy Code (Docket No. 1) on October 6, 2025. On December 2, 2025, the Ndjangos, by and through counsel, filed a motion to dismiss pursuant to 11 U.S.C. § 707(a), or in the alternative, to extend the deadline to Object to Discharge. (Docket No. 12). On December 9, 2025, Debtor filed opposition to the Motion to Dismiss. (Docket No. 15).

The Ndjangos argue that Debtor's bankruptcy petition was filed solely to frustrate their collections efforts as the only identified creditor with an enumerated amount; the filing was made in response to a pending judgment in state court; and the Debtor is utilizing the automatic stay to obstruct the state court proceedings. (Docket No. 12). At the December 23, 2025 hearing, the Ndjangos also argued that Debtor's bankruptcy is essentially a two-party dispute. (Docket No. 16).

In sum, according to the Ndjangos, this bankruptcy was filed in bad faith and should be dismissed.

## Analysis

The purpose of bankruptcy "is to provide a procedure by which certain insolvent debtors can reorder their affairs, make peace with their creditors, and enjoy a new opportunity in life." *Grogan v. Garner*, 498 U.S. 279, 286 (1991) (internal quotation mark omitted) (quoting *Local Loan Co. v. Hunt*, 292 U.S. 234, 244 (1934)).

Pursuant to 11 U.S.C. § 707(a), a bankruptcy court "may dismiss a [chapter 7] case. . .only after notice and a hearing and only for cause." The Code provides examples of "cause," but none of the identified examples (unreasonable delay, nonpayment of required fees, failure to file required information) are applicable here. 11 U.S.C. § 707(a).

However, the enumerated examples are non-exclusive. *See In re Nogin Com. LLC*, 670 B.R. 711, 725-26 (Bankr. S.D.N.Y. 2025). "[T]he Court has discretion to determine what additional circumstances, not enumerated in the statute, may constitute cause." *In re Newbury Operating LLC*, 2021 WL 1157977, at *7 (Bankr. S.D.N.Y. Mar. 25, 2021) (internal quotation mark omitted) (quoting *Clear Blue Water, LLC v. Oyster Bay Mgmt. Co., LLC*, 476 B.R. 60, 67 (E.D.N.Y. 2012)).

### *Lombardo Factors*

Courts have consistently held that the Bankruptcy Code "imposes a general good faith requirement, and that [t]he absence of a debtor's 'good faith' has been generally recognized as a valid 'cause' for dismissal under Code § 707(a)." *Gilboy v.*

4

*Reukema*, 2014 WL 2532475, at *2 (N.D.N.Y. June 5, 2014) (quoting *In re Griffieth*, 209 B.R. 823 (Bankr. N.D.N.Y. 1996)).

However, the debtor's bad faith must be egregious to justify dismissal under § 707(a). *See In re Gutierrez*, 528 B.R. 1, 14 (Bankr. D. Vt. 2014). Specifically, "[d]ismissal. . .should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income, and excessive and continued expenditures, lavish life-style, and intention to avoid a large single debt based on conduct akin to fraud, misconduct, or gross negligence." *Id.* (quoting *In re Zick*, 931 F.2d 1124, 1129 (6th Cir. 1991)).

Courts in this Circuit analyze whether a case was filed in bad faith using the "*Lombardo* factors":

> (1) The debtor's manipulations having the effect of frustrating one particular creditor;
>
> (2) The absence of an attempt to pay creditors;
>
> (3) The debtor's failure to make significant lifestyle changes;
>
> (4) The debtor has sufficient resources to pay substantial portion of debts;
>
> (5) The debtor inflates expenses to disguise financial well-being;
>
> (6) The debtor is overutilizing protections of the Bankruptcy Code to the conscious detriment of creditors;
>
> (7) The debtor reduced his creditors to a single creditor in the months prior to the filing of the petition;
>
> (8) The debtor filed in response to a judgment, pending litigation or collection action; there is an intent to avoid a single debt;
>
> (9) The unfairness of the use of Chapter 7;

>> (10) The debtor transferred assets;
>
> (11) The debtor is paying debts to insiders;
>
> (12) The debtor failed to make candid and full disclosure;
>
> (13) The debts are modest in relation to assets and income; and
>
> (14) There are multiple bankruptcy filings or other procedural "gymnastics."

*In re Lombardo*, 370 B.R. 506, 511-12 (Bankr. E.D.N.Y. 2007).

"While the presence of one of these factors alone will not be sufficient to support a dismissal for cause, a finding of a combination of factors may suffice." *Id.* at 512 (citing *In re Eddy*, 288 B.R. 500, 505 (Bankr. E.D. Tenn. 2002)).

The Ndjangos argue that the first, sixth, and eighth *Lombardo* factors are present and that this is sufficient for the Court to find bad faith.[2] (Docket No. 12).

As to the first factor, the Ndjangos maintain they are the only identified creditor with an enumerated amount owed and the Debtor's bankruptcy filing frustrated their litigation efforts. *Id.*

As to the eighth factor, the Ndjangos note that the Debtor filed for bankruptcy less than a week he filed an Answer in the state court proceeding. In addition, they contend that the Debtor failed to submit documents or otherwise participate in the state court proceedings until they sought a default judgment on

---

[2] The Ndjangos have not alleged, and there is nothing before this Court that indicates, that the Debtor inflated his expenses to disguise his financial well-being, reduced his creditors to a single creditor in the months prior to the filing of the petition, is paying debts to insiders, has debts that are modest in relation to assets and income, has filed multiple bankruptcy cases, has sufficient resources to pay substantial portion of his debts, has failed to pay creditors, and/or has engaged in other procedural "gymnastics." Thus, none of these factors support a determination that the Debtor filed in bad faith.

6

their third-party claim against him. *Id*. Thus, they contend, Debtor's bankruptcy filing is a direct result of pending litigation. *Id*.

However, "the fact that a debtor files a chapter 7 solely to avoid the large debt of a single creditor or to frustrate that creditor's collection efforts, standing alone, is not enough to warrant dismissal under § 707(a)." *Gutierrez*, 528 B.R. at 15. Rather, "there must be evidence of an 'intention to avoid a large single debt based on conduct akin to fraud, misconduct or gross negligence.'" *Id*. (quoting *Zick,* 931 F.2d at 1129*)*.

Moreover, "the fact that the Debtor filed for bankruptcy in response to pending litigation without more additional evidence of misconduct is not enough to dismiss … for cause under 11 U.S.C. § 707(a)." *In re Mazzella*, No. 09-78449-478, 2010 WL 5058395, at *6 (Bankr. E.D.N.Y. Dec. 6, 2010); *compare Deglin v. Keobapha (In re Keobapha)*, 279 B.R. 49, 53 (Bankr. D. Conn. 2002) (finding no cause for dismissal when debtor essentially had one creditor, but there was no evidence of manipulating his financial situation, no evidence of misleading the court, no evidence of hampering the trustee's management of the case, debtor did not live a lavish lifestyle, made no pre-petition transfers of assets, could barely make ends meet, and the bankruptcy filing was in response to a pending wrongful death lawsuit), *with Lombardo*, 370 B.R. at 513 (finding that debtor's pre-petition deceit in promising her attorney a share of a settlement in payment of the attorney's fees then filing for bankruptcy before the attorney could perfect a lien on the funds constitutes egregious conduct).

At the December 23, 2025 hearing, counsel for the Debtor pointed to the fact that the Debtor has no significant assets, no insurance, and no lawyer in the State Court proceeding. (Docket No. 16). He would need to defend himself *pro se* in that action, and filed for bankruptcy protection due to the threat of having a large judgment against him. *Id.* He seeks a fresh start. *Id.*

The Ndjangos' Motion does not establish egregious conduct. The Motion mentions the Debtor's bankruptcy filing and concomitant frustration of their litigation efforts. (Docket No. 12). While these facts indicate an obvious intent to halt the state court litigation, as noted above, this is generally considered a proper purpose for a bankruptcy filing, and there is nothing before this Court that shows Debtor engaged in any egregious behavior.

Although the Ndjangos appear to allege fraud or other misconduct in the underlying conduct of the Debtor giving rise to their claim, the "Bankruptcy Code does not disqualify a debtor from seeking bankruptcy even if the debtor's largest [unliquidated] debt arose from wrongful or improper conduct, but instead the Code allows the particular debt to be excepted from a bankruptcy discharge depending on the nature and type of wrongful conduct." *In re Minick*, 588 B.R. 772, 778 (Bankr. W.D. Va. 2018).

In other words, the fact that the debt to the Ndjangos, if any, may have arisen from fraud or other misconduct is not grounds for dismissal, but is an issue that can be addressed through an objection to discharge and/or an action to determine dischargeability. *See In re Adler*, 673 B.R. 109, 114 (Bankr. S.D.N.Y.

8

2025) ("[W]here a debtor's misconduct is addressed by relief available under more specific provisions of the Bankruptcy Code, such misconduct cannot properly constitute grounds for dismissal under a vague general equitable concept such as 'bad faith.'" (internal quotation marks omitted)).

Accordingly, the first and eighth factors weigh against granting the Motion to Dismiss.

As to the sixth *Lombardo* factor, the Ndjangos argue that Debtor is obstructing their state court litigation through the automatic stay and contend that Debtor's bankruptcy filing three days after filing an Answer shows a conscious effort to use bankruptcy as a sword, rather than as a shield. (Docket No. 12).

The fact that the Debtor is utilizing the protections of the Bankruptcy Code does not indicate bad faith. *See Minick*, 588 B.R. at 778 ("Because [§ 362] authorizes a stay of certain stated court civil actions when a debtor voluntarily files a bankruptcy petition, a debtor's decision to take advantage of that stay does not establish bad faith.").

Debtor has little income, minimal assets, and a disputed debt he is incapable of satisfying. (Docket No. 1). Indeed, Debtor's Schedule I indicates a monthly deficit of $220, and Schedule A indicates that his only significant assets are a two-family residence valued at $59,880 and a 2002 Chevrolet Venture 4 Door Van valued at $2,287. *Id.* Debtor has claimed the entire amount of both assets as exempt under 11 U.S.C. § 522 pursuant to N.Y.C.P.L.R. § 5206 and N.Y. Debt. & Cred. L. § 282(1).

*Id.* There is, therefore, nothing before this Court that indicates overutilization of the Bankruptcy Code.

Accordingly, application of the sixth factor weighs against granting the Motion to Dismiss.

Based on the totality of the circumstances and duly weighing the *Lombardo* factors, there is no bad faith or other cause under § 707(a) to dismiss Debtor's case.

The Ndjangos' Motion to Dismiss (Docket No.12) is DENIED.

###